UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DESMOND M. WITHERSPOON,

                            Plaintiff,

            -against-

UNITED STATES OF AMERICA,

                            Defendant.

17-CV-10108 (CM)

ORDER

COLLEEN McMAHON, United States District Judge:

Plaintiff filed this action *pro se*. On January 2, 2019, the Court dismissed the complaint on the ground that Plaintiff is barred from filing any new action *in forma pauperis* (IFP) without first obtaining from the Court leave to file. *See Witherspoon v. Rivera*, ECF 1:15-CV-4328, 7 (S.D.N.Y. June 30, 2015). On September 1, 2020, Plaintiff filed a "notice of motion" in opposition to the January 2, 2019 dismissal order. (ECF 5.) Plaintiff filed additional notices of motion seeking reconsideration of the Court's judgment on: January 5, 2021 (ECF 6), January 8, 2021 (ECF 7), and February 9, 2021 (ECF 8, 9).

The Court liberally construes these submissions as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submissions, the Court denies the motion.

# DISCUSSION

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or

judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has reviewed Plaintiff's submissions, and even under a liberal interpretation of

his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five

clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also

denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in

clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v.*

*Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot

circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the

residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was

filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief."

*Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per

curiam) (citation omitted). Plaintiff has failed to demonstrate that extraordinary circumstances

exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S.

193, 199-202 (1950).

# CONCLUSION

Accordingly, Plaintiff's motion for reconsideration (ECF 5-8) is denied.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's case in this Court under Docket No. 17-CV-10108 is closed. The Court will only accept for filing documents that are directed to the Second Circuit Court of Appeals. If Plaintiff files other documents that are frivolous or meritless, the Court will direct Plaintiff to show cause why Plaintiff should not be barred from filing further documents in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    July 16, 2021
          New York, New York

                                    COLLEEN McMAHON
                            United States District Judge